UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAYSON VANDERVEER,

                Plaintiff,

v.                                                          Case No. 25-cv-481-pp

JODI FIELDS, *et al.*,

                Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Jayson Vanderveer, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights have been violated. The plaintiff has paid the full filing fee. This decision screens the complaint. Dkt. No. 1.

**I. Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

1

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on December 4, 2024, he saw his provider, defendant Jodi Fields, at Dodge Correctional Institution. Dkt. No. 1 at 2. Since

2

that appointment, he has been refused the medication Gabapentin which he previously used for chronic pain and which "actually work[s.]" Id. Fields allegedly took the plaintiff off Gabapentin and placed him on "first-line medication (Amnatripoline)" because the plaintiff did not meet the "so-called criteria" for Gabapentin. Id. at 2-3. The plaintiff states that these criteria still are unknown to him. Id. at 3.

The plaintiff alleges that he explained to the defendants that he has had five reconstructive surgeries, and he offered proof with paperwork from the Social Security Administration. Id. The defendants allegedly informed the plaintiff that he had to try first-line medication before he could be considered for Gabapentin. Id. The plaintiff states that he previously tried the first-line medication Amnatripoline, "even after having side effects such as swollen tongue and hallucinations (Duloxetine)." Id. The defendants allegedly denied him Gabapentin even after he tried first-line medications and they "still gave him the runaround." Id. at 3-4. The plaintiff states that he kept in constant contact with the defendants through health service requests and interview requests. Id. at 4. His complaints allegedly began shortly after his physical exam on December 4, 2024 and continued through March of 2025. Id. He alleges that he made it clear in his complaints that he is willing to meet all requirements for "receiving back his previous and long prescribed Gabapentin." Id.

The plaintiff alleges that defendants Jodi Fields, Bonnie Gugler and Laura Sukowaty had no intention of placing him back on Gabapentin even

after telling him he had to try the first-line medication first. Id. The plaintiff alleges that the defendants made no attempt to reevaluate or treat him, even after he tried first-line medication. Id.

The plaintiff states that before his incarceration, "he was and has been since diagnosed with chronic pain and received social security benefits (enclosed) pertinent to [the plaintiff's] chronic pain and this incident where he is forced on a top bunk & HSU giving [him] the run around at Dodge Correctional and now at Oshkosh." Id. at 5. He allegedly has depression, bipolar disorder, schizophrenia, borderline personality disorder and anxiety. Id. at 5. The plaintiff says that his mental health has been affected due to being in chronic pain, being on a top bunk and having a hernia. Id.

The plaintiff claims that the defendants have violated his rights under the Eighth Amendment. Id. at 5. He seeks damages and a prescription for Gabapentin. Id. at 6.

    C.    <u>Analysis</u>

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). "To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Cesal, 851 F.3d at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

4

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff alleges that the defendants have denied him adequate treatment for his chronic, painful condition by not prescribing him Gabapentin. The court will allow him to proceed on an Eighth Amendment claim against the defendants in their individual capacities based on these allegations. See Arnett v. Webster, 658 F.3d 742, 753 (7th Cir. 2011) (refusal to provide incarcerated individual with prescribed medication can state an Eighth Amendment claim).

## II. Conclusion

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Jodi Fields, Bonnie Gugler and Laura Sukowaty. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

5

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on her failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 4th day of June, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**