UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAYSON VANDERVEER,

                Plaintiff,

v.                                           Case No. 25-cv-481-pp

JODI FIELDS, *et al.*,

                Defendants.

---

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 5)

---

      Plaintiff Jayson Vanderveer, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that the defendants denied him adequate treatment for his chronic, painful condition by discontinuing his Gabapentin medication and refusing to prescribe it for him. Dkt. No. 4 at 5. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 5.

      In support of his motion to appoint counsel, the plaintiff states that he tried to find a lawyer on his own by contacting six lawyers, and he provides letters from three lawyers who responded to his requests. Id. at 1. The plaintiff also states that this case is factually and legally difficult, and that as a layperson he cannot coherently present it. Id. at 2.

1

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2)

their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has made a reasonable attempt to find a lawyer on his own. However, the court believes that the plaintiff is capable of proceeding on his own at this stage. The plaintiff filed a detailed complaint, along with over one hundred pages of exhibits, which demonstrate that he understands the facts

giving rise to his claim. The plaintiff's claim is not complex; it simply involves the defendants not prescribing him a certain pain medication. The plaintiff's complaint and his motion to appoint counsel show that he can very effectively communicate with the court. He is capable of engaging in discovery with the defendants and responding to a motion for summary judgment, should the defendants file one. The court will deny the plaintiff's motion to appoint counsel without prejudice, which means the plaintiff may renew the motion at a later stage in the case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 8th day of August, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:25-cv-00481-PP   Filed 08/08/25   Page 4 of 4   Document 10